PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AHMAD HOSSEINIPOUR, | ) | |
| | ) | CASE No. 5:25-cv-1888 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ATTORNEY ANDREW NEUHAUSER, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | | |

## I. Background

Plaintiff Ahamd Hosseinipour, proceeding *pro se*, filed an *in forma pauperis* civil complaint against Defendants Andrew Neuhauser and Luis Myrie, seeking $6,000 in relief. ECF No. 1. Plaintiff's brief complaint alleges that Defendants violated unspecified "federal government law," apparently on the basis that Defendant Neuhauser is a legal aid attorney representing Luis Myrie in a case against Plaintiff in the Mahoning County Court of Common Pleas. ECF No. 1 at PageID #: 4, ¶ III; ECF No. 1-1. Plaintiff states that a "community legal aid's attorney cannot have a private client." ECF No. 1 at PageID #: 3, ¶ II.B.

Defendant Neuhauser filed a Motion to Dismiss the complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. ECF No. 4. He argues that the Court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim upon which the Court may grant him relief because: (1) Plaintiff fails to set forth any specific federal claim for relief in his complaint; and (2) the abstention doctrine precludes federal courts from exercising jurisdiction over ongoing state-court litigation.

Plaintiff has not filed a brief addressing the specific arguments made in Defendant's Motion to Dismiss, or demonstrating that he alleges a federal claim over which the Court may exercise subject-matter jurisdiction. Instead, he has filed a Motion for Appointment of Counsel (ECF No. 8) and other unclear filings reiterating his contention that Defendant Neuhauser unlawfully represents Mr. Myrie in a Mahoning County case. *See* ECF No. 6.

## II. Standard of Review and Discussion

Federal courts are courts of limited jurisdiction and, even without a motion to dismiss, "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two basic categories of cases over which federal courts have subject-matter jurisdiction. First, a federal court has federal question jurisdiction, which is jurisdiction over cases that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Mich. South. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). Second, a federal court has "diversity" jurisdiction, which is jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332.

A plaintiff bears the burden of establishing subject-matter jurisdiction. *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The Court finds Plaintiff's complaint must be dismissed for lack of subject-matter jurisdiction. First, Plaintiff has failed to demonstrate a valid basis for an exercise of federal question jurisdiction. Neither the face of Plaintiff's complaint, nor any of his subsequent filings, identifies or refers to any specific provision of the United States Constitution or other federal law or statute that provides a basis for his lawsuit. Plaintiff's unclear and conclusory assertion in his complaint that Defendants have violated "federal government law" is insufficient to demonstrate that he alleges a claim arising under the Constitution, laws, or treaties of the United States.

Second, Plaintiff's pleadings do not establish a basis for the Court to exercise diversity jurisdiction. The face of Plaintiff's complaint indicates that he and Defendants are all citizens of the same state (Ohio). Additionally, he seeks $6000 in damages, which is less than the threshold jurisdictional amount-in-controversy requirement ($75,000) necessary for an exercise of diversity jurisdiction.

### III. Conclusion

Accordingly, in that Plaintiff has demonstrated no valid basis of an exercise of federal subject-matter jurisdiction in this case, the action is hereby dismissed pursuant to Fed. R. Civ. P. 12(h)(3). Plaintiff's Motion for Appointment of Counsel (ECF No. 8) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| January 2, 2026 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |